Law Office of Jeffrey S. Niesen
Jeffrey S. Niesen
1411 W. Pinehill Road
Spokane, Washington  99218
Tel: 509 822-7140

Counsel for Defendant
Verne Jay Merrell

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA            Case No.  96 CR 00257 WFN -1

             Plaintiff,

**DEFENDANT'S SENTENCING
MEMORANDUM**

   vs.

VERNE JAY MERRELL

         Defendant.

_____/

     Comes now defendant  VERNE JAY MERRELL by and through his attorney Jeffrey S. Niesen, in accordance with the Court's sentencing order of January 15, 2020 (ECF 434) to present for the Court's consideration Defendant's Sentencing Memorandum.  Sentencing is scheduled for March 25, 2020, at 9:00 A.M.

## Introduction

     Verne Jay Merrell (hereinafter sometimes referred to as the "defendant") is before the court for a re-sentencing arising from his conviction by Jury Verdict as to various Counts of the Indictment filed June 4, 2019 (ECF 1) and a

Superseding Indictment filed April 9, 1997.

## Criteria for Sentencing

With the Supreme Court's decision in *United States v. Booker* and *United States v. Fanfan, 125 S. Ct. 738 (2005),* the landscape for sentencing a federal criminal defendant changed.  Previously in fashioning a sentence the Court was bound by the mandatory provisions of the Federal Sentencing Guidelines, the *Booker* and *Fanfan* decisions made it clear that the Guidelines were advisory only.  While the guidelines were to be considered and given weight, it was just one of a number of factors the Court was to consider in deciding an appropriate sentence in accordance with 18 U.S.C. § 3553.  The ultimate question, taking all of the facts and circumstances into account, is whether the sentence imposed is reasonable.

In *United States v. Carty, 520 F.3d 984 (en banc) (9th Cir 2008),* the Ninth Circuit reviewed the three *post-Booker* Supreme Court opinions in order to clarify the requirements for the district court's determination of a "reasonable sentence" within the circuit.  The *Carty* court echoed the Supreme Court's dictate that "[a]ll sentencing proceedings are to begin by determining the applicable Guideline range." *Id. 991.*  The other factors to be considered are those criteria set forth in 18 U.S.C. § 3553(a).  The overarching statutory goal is for the district court to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and provide the defendant with training, medical care and correctional treatment. *Id.*

The sentencing court is also directed to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, unwarranted sentencing disparities, and the need to provide restitution to the victims of the offence.  *Id.*

In addition to the above there are other sentencing related matters which the Court must consider in the determination of the appropriate sentence in this case:

1. Stacking of the 18 U.S.C 924 ( c) counts. At the time of the original sentencing in 1997, the law allowed the stacking of the 924( c) counts even when they were all charged in a single indictment.  The First Step Act of 2018 changed that result and only allows for higher punishments when there is a second or successive conviction  after a first and separate conviction. In this case there is no prior 924(c) conviction.  Therefore, stacking of the 924 (c) counts is no longer appropriate. The Court should consider whether to run these charges concurrently.

**2.** Mandatory guidelines.  The original sentencing took place pre-*Booker,* when the guideline application was mandatory.  The substantive counts, received concurrent guideline sentences  - a total of 168 months - with the 924 (c) 's stacked consecutively thereafter.  In order to avoid any *ex post facto* issues the Court should for re-sentencing treat the guidelines as mandatory and confirm the original guideline sentences that were imposed.

**3.** Lack of a special verdict.  The 924 (c) counts that remain and, on which this re-sentencing is based, allege the use of destructive devices.  That has the effect of increasing the sentencing exposure on each count from five to seven years to up to 30 years. A review of the Jury Instructions and the Verdict form establishes that the Jury never found (by way of a special verdict or other means) that the element of a destructive device had been proven.  Since that finding, or lack of finding, increases defendant's exposure to punishment it must have been submitted to the Jury. At most Mr. Merrell stands convicted of a standard 924(c) on both of the remaining 924(c) counts.

## The Presentence Investigation Report

The draft pre-sentence report ( ECF 438) was reviewed and the objections noted were made known to the Probation officer on March 2, 2020.  That draft report was prepared without interviewing the client.  On March 3, 2020, that oversight was pointed out to the Probation officer and it was agreed that the Defendant would be interviewed on March 9, 2020, in Yakima which occurred.  At this time it is not known whether that interview will spawn additional objections. In order to coordinate with the client and provide time if further objections are necessary, the defense asks leave to file a supplemental pleading or alternatively request a continuance of the sentencing date.

1
2
3

**Mr. Merrell's Sentence**

4
5

**I.      Base Offense level , Enhancements, Departures**

6
7
8
9
10
11
12
13

The defense generally agrees with the computation for re-sentencing provided by the probation officer. As noted in the objections to the PIR the add on for obstruction of justice is unwarranted . Defendant should also get the 3 point level adjustment for acceptance of responsibility which was demonstrated when he was interviewed on March 9, 2020.  He should also get the benefit of the application of the First Step Act of 2018 which bars the stacking of the 924( c) offenses in this case.

14
15

**II. 18 U.S.C. 3553(a) factors:**

16
17
18
19
20
21
22
23
24
25
26

In accordance with 18 U.S.C. 3553(a) the factors to be considered by the Court  in imposing a sentence which is sufficient, but not greater than necessary are as follows: (1)  the nature and circumstance of the offense and the history and characteristics of the defendant;  (2) the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment;  (3) to afford adequate deterrence to criminal conduct;  (4) to protect the public from further crimes of the defendant;  and (5) provide the defendant needed educational or vocational training , medical care or corrective treatment in an effective manner. Each of these criteria in the context of this case will be discussed in turn.

27
28

**1.  Nature of the Offense and Characteristics of Defendant:**

This is a serious series of crimes arising in 1996 which resulted originally in a 168 months concurrent sentence followed by two life sentences stacked thereafter. At this point the defendant has served approximately 24 years thus satisfying the concurrent sentences.  What remains are two Sec. 924 ( c) sentences which should not be stacked but run concurrently as well either after the original concurrent sentence or consecutive to that sentence but running concurrent with each other. These offenses are standard 924 ( c) offenses in which a brandishing of a weapon occurred.  The result is a seven year add on sentence.  Thus, the defendant should be admitted to supervised release forthwith.

The defendant is a 74 year old man who has been in federal custody since 1996.  Most of his family has passed on with him still being in touch with one brother.  He has lost contact with his children.  He is well read, basically educated in the military where he served six years on a nuclear submarine.  He was honorably discharged achieving the rank of E-6.  Thereafter he was employed as a nuclear engineer at Bechtel and other companies before becoming self-employed. He is articulate and generally in good health.

If released. He has indicated that he will seek to return to his hometown in Pennsylvania.  He is in contact with a boyhood friend who has invited him to live at his home. He understands that he will be subject to supervised release.  He

indicates that he will not have difficulty complying with restrictions or requirements imposed by a probation officer.

While his core beliefs remain unchanged, he has no interest in seeking to change or warn the world of impending doom.   All that he seeks is peace, a safe place to hunker down and live while he attempts to repair his life. In short, he has paid his debt to society and wants nothing more than to live an unremarkable life.

**2**. **The seriousness of the offense, promote respect for the law and provide just punishment.**

The core offences are most serious as reflected by the life terms of imprisonment.  24 years has gone by since Verne was imprisoned.  That is sufficient to promote respect for the law and provide just punishment.

**3. Afford adequate deterrence, and, 4.  Protect the Public.**

The sentence that was imposed was adequate to deter defendant and others from offending.  It was more than adequate to protect the public.

**5. Education and vocational training etc.**

Verne is constantly reading.  He is interested in the world and has an insatiable curiosity.  If released, he will seek whatever training and opportunities are made available,

**Motion for Variance**

At this point Mr. Merrell has served 24 years of a life sentence. After 14 years all of the concurrent sentences have been satisfied. Defendant has served 10 years into his life sentences two of which have now been dismissed. If the Court determines that what remains are standard 924 (c) sentences and that they should run concurrently defendant has complete his term of imprisonment and should be released. Mr. Merrell is turning 75 years of age in the next several months. He has learned his lesson. Whether or not he is further incarcerated depends on what the Court's view of the purpose that incarceration will serve. The defense view is that it will serve no purpose except to render punishment, which due to the mandatory nature of the initial sentences, has been more than adequate.

**Conclusion**

Defendant's further incarceration cannot be justified. He is no longer a threat to the public. He has learned his lesson. He should be released as soon as possible.

Dated: March 10, 2020    Respectfully Submitted,

Law Office of Jeffrey S. Niesen

s/Jeffrey S. Niesen for

Verne Jay Merrell

Certificate of Service

1    I hereby certify that on March 10, 2020, I electronically filed the foregoing with

2    the Clerk of the Court using the CM/ECF System which will send notification of

3    such filing to the following: AUSA Joseph Harrington and Stephanie Lister,

4    Counsel for the United States of America.

5
6                         s/Jeffrey S. Niesen (33850)
                         Law Office of Jeffrey S. Niesen
7                         1411 W. Pinehill Rd.  Spokane WA,  99218
                         509-822-7140
8
                          jsniesen1@yahoo.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28